## JANE M. BERRY vs. HOWARD McDOUGALL.

Cumberland County. Decided October 1, 1923. This is an action brought to recover compensation for personal injuries, expenses of medical treatment, hospital charges, nursing and other incidental outlay, which resulted from an automobile collision in which the plaintiff was the sufferer. The case comes to us on report. The car in which she was riding was neither owned nor driven by the plaintiff but for convenience will be referred to as the plaintiff's car.

The locus of the collision was at the intersection of a country road with a stretch of state highway still under construction. On the latter, although somewhat rough as to surface, there was a large amount of traffic. The plaintiff's car was travelling the country road. Its occupants on the rear seat were the plaintiff, and her daughter, Mrs. Robertson; on the front seat the husband of the latter and Bion Berry, grandson of the plaintiff, who was driving.

These occupants testified that plaintiff's car was approaching the state highway at a rate of speed from eight to ten miles an hour and that the horn was sounded. Two of the occupants, Mr. and Mrs. Robertson, have brought suit to recover their damages arising from the same accident and their testimony should be examined in the light of their interest in the case at bar. The driver of the car, a boy sixteen years old, testified as the other occupants did as to rate of speed when approaching the intersecting way, and the sounding of the horn. He stated, however, that when he first saw defendant's car it was only a little over one hundred feet from him but he "continued on to cross the state highway as there was plenty of time to cross"; although defendant's car, according to Bion's testimony, was approaching at a rate from sixteen to twenty-four miles an hour. He further stated that the time between his first glimpse of defendant's car and that of the collision "wasn't more than two or three seconds."

The defendant testified that the plaintiff's car was approaching the point of collision at a rate of approximately twenty-five miles an hour, and increased its speed as it came nearer to the state highway on which defendant was driving. This testimony was corroborated by disinterested witnesses, some of whom were even strangers to the parties to this suit. Defendant further testified that although he was using all proper power and opportunity for observation, he did not see plaintiff's car until it and his own, were so near that avoidance of a collision was impossible although he did all in his power to prevent it when he did realize the situation.

A long analysis of the record would be of no interest except to the parties. There are no peculiar or novel questions of law involved. The arguments of counsel are confined to their views upon questions of fact. We are of opinion that the evidence does not preponderate in favor of the plaintiff upon the issue of defendant's negligence. The recklessness or immature judgment of a mere boy allowed to operate a car, a thing of too frequent occurrence, brought about a sudden emergency in which defendant had only a few ticks of the watch in which to act. Not being persuaded that this emergency was created by defendant's negligence the mandate must be: Judgment for defendant. *Frank H. Haskell*, for plaintiff. *William H. Gulliver and W. B. Mahoney*, for defendant.